FILED
IN OPEN COURT

NOV 16

CLERK,
ALY

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:12cr 481 |
| | ) | |
| CORFU CONTRACTORS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

PLEA AGREEMENT

The United States and the defendant have entered into an agreement pursuant to rule 11

of the Federal Rules of Criminal Procedure.  The terms of the agreement are as follows:

1.     **Offense and Maximum Penalties**

The defendant agrees to plead guilty to a single count criminal information charging the

defendant with willful failure to collect and pay over employment taxes, in violation of Title 26,

United States Code, Section 7202.  The maximum penalties for this offense for a corporation are

a fine of $500,000 and the costs of prosecution, a five-year term of probation, full restitution, and

a special assessment of $400.

2.     **Factual Basis for the Plea**

The defendant will plead guilty because the defendant is in fact guilty of the charged

offense.  The defendant admits the facts set forth in the statement of facts filed with this plea

agreement and agrees that those facts establish guilt of the offense charged beyond a reasonable

doubt.  The statement of facts, which is hereby incorporated into this plea agreement, constitutes

a stipulation of facts for purposes of section 1B1.2(a) of the sentencing guidelines.

### 3.    Assistance and Advice of Counsel

The defendant is satisfied that the defendant's attorney has rendered effective assistance. The defendant understands that by entering into this plea agreement, the defendant surrenders certain rights as provided in this agreement.  The defendant understands that the rights of criminal corporate defendants include the following:

a.    the right to plead not guilty and to persist in that plea;

b.    the right to a jury trial;

c.    the right to be represented by counsel at trial and at every other stage of the proceedings; and

d.    the right at trial to confront and cross-examine adverse witnesses, to introduce testimony and present evidence, and to compel the attendance of witnesses.

### 4.    Role of the Court and the Probation Office

The defendant understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum described above but that the Court will determine the defendant's actual sentence in accordance with Title 18, United States Code, Section 3553(a). The defendant understands that the Court has not yet determined a sentence and that any estimate of the advisory sentencing range under the U.S. Sentencing Commission's Sentencing Guidelines Manual the defendant may have received from the defendant's counsel, the United States, or the Probation Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office, or the Court.  Additionally, pursuant to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), the Court, after considering the factors set forth in Title

18, United States Code, Section 3553(a), may impose a sentence above or below the advisory sentencing range, subject only to review by higher courts for reasonableness. The United States makes no promise or representation concerning what sentence the defendant will receive, and the defendant cannot withdraw a guilty plea based upon the actual sentence. In accordance with rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States and the defendant will recommend to the Court that the following provisions of the sentencing guidelines apply: The parties agree that U.S.S.G. § 2T1.6 applies to the defendant's offense and that the tax loss is approximately $117,041.48. The parties have no other agreement or understanding regarding the application of the sentencing guidelines, and either party is free to argue for or against the application of any provision not specifically addressed above.

The United States and the defendant agree that the defendant has clearly demonstrated recognition and affirmative acceptance of responsibility for its criminal conduct and that a one-point reduction is therefore warranted pursuant to U.S.S.G. § 8C2.5(g)(3). The defendant is free to argue that a greater reduction is warranted, but understands that the United States may oppose this.

5.    **Waiver of Appeal, FOIA and Privacy Act Rights**

The defendant also understands that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Nonetheless, the defendant knowingly waives the right to appeal the conviction and any sentence within the statutory maximum described above (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatsoever, in exchange for the concessions made by the United States in this plea agreement. This agreement does not affect

the rights or obligations of the United States as set forth in Title 18, United States Code, Section

3742(b).   The defendant also hereby waives all rights, whether asserted directly or by a

representative, to request or receive from any department or agency of the United States any

records pertaining to the investigation or prosecution of this case, including without limitation

any records that may be sought under the Freedom of Information Act, Title 5, United States

Code, Section 552, or the Privacy Act, Title 5, United States Code, Section 552a.

6.      **Special Assessment**

Before sentencing in this case, the defendant agrees to pay a mandatory special

assessment of $400 per count of conviction.

7.      **Payment of Monetary Penalties**

The parties agree to recommend to the Court that any restitution and fine imposed by the

Court be paid to the Clerk of the Court in monthly installments of $10,000 per month beginning

fourteen calendar days after the date of sentencing and continuing on the same day of each

subsequent month until paid in full.   The parties agree to recommend to the Court that such

payments be credited first to any restitution imposed until paid in full and then to any fine

imposed until paid in full.   The defendant understands and agrees that this recommendation is not

binding upon the Court and that the defendant may not withdraw its guilty plea if the Court does

not follow the parties' recommendation.

The defendant agrees that if the Court imposes such a schedule, time will be of the

essence, and if the defendant should fail to timely or fully make any such monthly payment, the

defendant understands and agrees that, pursuant to Title 18, United States Code, Section 3613,

whatever monetary penalties are imposed by the Court will be due immediately and subject to

immediate enforcement by the United States as provided in section 3613. If the Court thereafter imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

Within fourteen days of a request, the defendant agrees to provide all of the defendant's financial information to the United States and the Probation Office and, if requested, to participate in a pre-sentencing debtor's examination and/or complete a financial statement under penalty of perjury.

8.     **Restitution**

The defendant agrees to the entry of a restitution order for the full amount of the Internal Revenue Service's losses. Without limiting the amount of restitution that the Court may impose, the government is currently aware that the IRS has suffered losses of approximately $117,041.48.

If the Court orders the defendant to pay restitution to the IRS for the failure to pay tax, either directly as part of the sentence or as a condition of probation, the IRS will use the restitution order as the basis for a civil assessment. *See* 26 U.S.C. § 6201(a)(4). The defendant does not have the right to challenge the amount of this assessment. *See* 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor the defendant's timely payment of restitution according to that schedule will preclude the IRS from administrative collection of the restitution-based assessment, including levy and distraint under 26 U.S.C. § 6331.

**9.    Immunity from Further Prosecution in this District**

The United States will not further criminally prosecute the defendant or the defendant's

president, Christos Kollas, in the Eastern District of Virginia for the specific conduct described in

the information or statement of facts.

**10.    Breach of the Plea Agreement and Remedies**

This plea agreement is effective when signed by the defendant, the defendant's attorney,

and an attorney for the United States.  The defendant agrees to entry of this plea agreement at the

date and time scheduled with the Court by the United States (in consultation with the defendant's

attorney).  If the defendant withdraws from this agreement, or commits or attempts to commit

any additional federal, state or local crimes, or otherwise violates any provision of this plea

agreement, then:

        a.      The United States will be released from its obligations under this

agreement.  The defendant, however, may not withdraw the guilty plea

entered pursuant to this agreement;

        b.      The defendant will be subject to prosecution for any federal criminal

violation that is not time-barred by the applicable statute of limitations on

the date this agreement is signed.  Notwithstanding the subsequent

expiration of the statute of limitations, in any such prosecution, the

defendant agrees to waive any statute-of-limitations defense; and

        c.      Any prosecution, including the prosecution that is the subject of this

agreement, may be premised upon any information provided, or statements

made, by the defendant's representatives, and all such information,

statements, and leads derived therefrom may be used against the

defendant. The defendant waives any right to claim that statements made

before or after the date of this agreement, including the statement of facts

accompanying this agreement or adopted by the defendant and any other

statements made pursuant to this or any other agreement with the United

States, should be excluded or suppressed under FED. R. EVID. 410, FED. R.

CRIM. P. 11(f), the sentencing guidelines or any other provision of the

Constitution or federal law.

Any alleged breach of this agreement by either party shall be determined by the Court in an

appropriate proceeding at which the defendant's disclosures and documentary evidence shall be

admissible and at which the moving party shall be required to establish a breach of the plea

agreement by a preponderance of the evidence.

## 11.    Nature of the Agreement and Modifications

This written agreement constitutes the complete plea agreement between the United

States and the defendant. The defendant and the defendant's attorney acknowledge that no

threats, promises, or representations have been made, nor agreements reached, other than those

set forth in writing in this plea agreement, to cause the defendant to plead guilty. Any

modification of this plea agreement shall be valid only as set forth in writing in a supplemental or

revised plea agreement signed by all parties.

The undersigned corporate representative is authorized to enter into this plea agreement

on behalf of the defendant as evidenced by the resolutions of the defendant's board of directors.

These resolutions are attached to, and incorporated by reference in, this plea agreement.

Respectfully submitted,

NEIL H. MacBRIDE
UNITED STATES ATTORNEY

By:

James P. Gillis
Assistant United States Attorney

<u>Defendant's Representative's Signature</u>: As corporate representative for defendant Corfu

Contractors, Inc., I have consulted with counsel for the defendant and fully understand all rights

of the defendant with respect to the pending criminal information. Further, I fully understand all

rights with respect to 18 U.S.C. § 3553 and the provisions of the Sentencing Guidelines Manual

that may apply in this case. I have read this plea agreement and carefully reviewed every part of

it with counsel for the defendant. I understand this agreement and voluntarily accept it on behalf

of the defendant.

Date: 11/8/2012

Christos Kollas
President, Corfu Contractors, Inc.
Defendant

<u>Defense Counsel's Signature</u>: I am counsel for the defendant in this case. I have fully

explained to the defendant's representative the defendant's rights with respect to the pending

criminal information. Further, I have reviewed 18 U.S.C. § 3553 and the Sentencing Guidelines

Manual, and I have fully explained to the defendant's representative the provisions that may

apply in this case. I have carefully reviewed every part of this plea agreement with the

defendant's representative. To my knowledge, the defendant's decision to enter into this

agreement is an informed and voluntary one.

Date: 11/8/2012

Eric A. Dubelier
Andrew L. Hurst
Counsel for the Defendant

-8-

## WRITTEN CONSENT
## IN LIEU OF A MEETING OF THE BOARD OF DIRECTORS
## OF CORFU CONTRACTORS, INC.

The undersigned, being the director of Corfu Contractors, Inc., a Virginia corporation (the "Corporation"), pursuant to the provisions of Virginia law, does hereby consent to the adoption of the following resolutions with like force and effect as if the same had been adopted at a meeting of the Board of Directors of the Corporation duly called and held.

**NOW, THEREFORE, BE IT:**

**RESOLVED,** that Christos Kollas and Michaila Kollas shall have and retain authority to execute a criminal plea agreement for failure to collect, account for and pay over employment taxes on behalf of the Corporation, and to appear in Court on the Corporation's behalf in connection with such criminal plea agreement; and it is

**FURTHER RESOLVED,** that this Written Consent shall serve to amend, and supplement, the By-laws and previous Written Consents of the Corporation.

**IN WITNESS WHEREOF,** the undersigned has executed this consent effective as of the _8th_ day of November, 2012.

_____
Christos Kollas